UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 12-CR-20006
                                            Honorable Denise Page Hood

JAJUAN MARTINEZ LEWIS,

        Defendant.

_____/

## ORDER DENYING MOTION TO SUPPRESS, GRANTING MOTION FOR BOND, DISMISSING WITHOUT PREJUDICE MOTION TO EXCLUDE, DENYING MOTION TO EXPAND RECORD, AND DENYING AS MOOT MOTION TO RECONSIDER BOND

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Suppress, Motion for Bond, Motion to Exclude, Motion to Expand Record, and Motion to Reconsider Bond. For the reasons stated below, Defendant's Motion to Suppress is DENIED and Motion for Bond is GRANTED. Defendant's Motion to Exclude is DISMISSED WITHOUT PREJUDICE, Motion to Expand Record is DENIED, and Motion to Reconsider Bond is deemed MOOT.

## II.    STATEMENT OF FACTS

On December 1, 2011, Officer Michael Mosley of the Detroit Police Narcotics Enforcement Section informed Officer Rebecca McKay that he had received a complaint that 16500 Collingham was being used "to store large amounts of cocaine, heroin, illegal prescription pills and marijuana." Officer McKay was part of the General Assignment Unit and investigating the theft of scrap metal and energy. Officer Mosley asked that Officer McKay investigate whether there was a DTE Energy account for the residence. DTE Energy records showed that the account had been inactive since

March 18, 2008 and that DTE Energy had disconnected an illegal connection on October 21, 2009.

On December 5, 2011, DTE Energy Security Officer Michael Lynch went to 16500 Collingham and observed an illegal connection on the outside of the home. On December 12, 2011, Officer McKay prepared an affidavit.. A search warrant was issued and executed the same day for 16500 Collingham.  The search inside the residence uncovered marijuana, a digital scale, and a loaded Smith and Wesson .38 caliber gun. The gun was determined to be stolen.  Defendant recorded a statement at the time of his arrest.

Magistrate Judge Mark Randon ordered that Defendant remain detained pending trial on December 29, 2011 [Docket No. 5]. The Grand Jury returned an Indictment on January 4, 2012 charging Defendant with one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1) [Docket No. 7].

## II.    LAW & ANALYSIS

### A.    Motion to Suppress

Defendant seeks to suppress evidence seized during the search of 16500 Collingham, Detroit, Michigan because the search warrant did not establish probable cause.  Generally, searches and seizures must be made pursuant to a valid search warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967).  A judicial officer must determine that probable cause exists to issue a search warrant. Specifically, the judicial officer must have a "reasonable grounds for belief" that evidence will be found that can justify the issuance of a search warrant. *United States v. Thomas*, 604 F.3d 300, 307 (6th Cir. 2010) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).  The Sixth Circuit has held that probable cause exists "when there is a 'fair probability' . . . that contraband or evidence of a crime will be found in a particular place." *United States v. Helton*, 314 F.3d 812 (6th

2

Cir. 2003) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)).

A court must give great deference to the magistrate's determination that probable cause exists and not set aside the decision unless it was made arbitrarily. *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986). When considering whether information given by an informant is a sufficient basis for probable cause, a court must consider the veracity, reliability, and basis of knowledge for the information as part of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 239 (1983); *United States v. Helton*, 314 F.3d 812, 918 (6th Cir. 2003). The court should view each element "as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id.* at 230.

The issuing magistrate had sufficient basis to determine that probable cause existed for the officers to search Defendant's residence for illegal activity. The information that the home was used for storing drugs and other contraband was given to the affiant by a fellow officer. He received that information from an anonymous complaint to justify a search. Based on the tip that illegal activity was occurring at the home, the affiant inquired into the energy account history for the home. Michael Lynch, DTE Chief Security Officer, testified that Officer McKay contacted him to determine whether there was an active customer at 16500 Collingham. Lynch "looked it up" and found no active customer. McKay suggested that electricity was being used there. McKay did not indicate who lived there nor did McKay specifically ask Lynch to go to the location to investigate energy theft. Lynch made a field call on December 5, 2011 and found unmetered electricity being used there via an improper connection. The fact that the home had a questionable account history, including having an illegal connection turned off in the past, coupled with the then present illegal

3

connection was sufficient to indicate that illegal activity relative to electricity usage was taking place at 16500 Collingham.

Defendant's argument that he had only moved to the home recently and was placing the electricity in his mother's name does not extinguish the concern that the police would likely uncover illegal activity there. There is no indication that the police knew that Defendant had only moved into the house a few days prior to the search. There was probable cause for the warrant. The Motion to Suppress is denied.

### B.    Motion for Bond

Defendant argues that his continued detainment is unlawful and he does not pose a danger to the community. The district court must promptly review a detention order issued by a Magistrate Judge. 18 U.S.C § 3145. A magistrate judge's detention order is reviewed *de novo*. *United States v. Jones*, 804 F. Supp. 1081, 1086 (S.D. Ind. 1992). The district court, after hearing, must order detention if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

A rebuttable presumption against pretrial release arises if the defendant commits an offense outlined in subsection (f)(1), the offense was committed while the defendant was released pending trial, and not more than five years has passed since conviction or release. 18 U.S.C. § 3142(e)(2). The Government must prove by clear and convincing evidence that the defendant is a danger to others and that there is no condition or combination of conditions that would reasonably assure the safety of the defendant or others. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

4

The district court must make the following findings to determine whether conditions would reasonably assure the defendant's appearance: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger posed if the defendant were released. 18 U.S.C. § 3142(g). There is no presumption against pretrial release. As Defendant points out, he was not released pending trial, but rather was on supervised release.

Regarding the first factor, subsection (g)(1) includes offenses that involve violence, a violation of 18 U.S.C. § 1591, terrorism, a minor victim, controlled substance, firearm, explosive, or destructive device. Here, Defendant is charged with Felon in Possession of a Firearm. During the search of his home, police found marijuana. It was later determined that the firearm was stolen. Given the nature of Defendant's offense and the fact that a controlled substance was found during the search of his home, this factor weighs against pretrial release.

As to the second factor, Defendant argues that there is no DNA linking the Defendant to the gun and the gun was found in a home where several other people resided. He further argues that the evidence is small especially given the likely suppression of all evidence deduced from the inadequate warrant. The Government indicates that it has an audio statement from the Defendant and witnesses that could testify to the gun and contraband seized from Defendant's home. It appears that the weight of the evidence against Defendant is strong given the Grand Jury returned an Indictment. This factor weighs against pretrial release.

Defendant has a prior felony criminal record:

    1994 – Delivering/Manufacturing < 50 grams

    2002 – Possession of Controlled Substances

2003 – Conspiracy to Distribute Cocaine (Federal)

2009 – Possession of Controlled Substances

The Government provides the facts below weighing against pretrial release. In March 2006, Defendant was sentenced to five years in prison and five years' probation. Defendant's bond was revoked after he was arrested fleeing from a drug house. Defendant was sentenced to probation in 2009 after officers found cocaine, marijuana, scales and $5,000 in his home. He did not report this to his U.S. Probation Officer. In March 2011, Defendant was found guilty of violating the conditions of supervised release and 100 hours of community service was added to his sentence. Furthermore, Defendant was not able to provide employment information to Pretrial Services. Defendant's prior inability to comply with the conditions of his release and criminal history regarding controlled substances would weigh against pretrial release.

Regarding the final factor, there is no indication that Defendant would pose a danger to the community. His history does not involve any crimes of violence nor does the Government present any evidence indicating the danger of his release. It appears that this factor would weigh in favor of pretrial release.

Although the first three factors weigh against pretrial release, there is no evidence that Defendant is a danger to any individual or the community. Further, although Defendant has not complied with the conditions of supervised release in the past, the Government does not allege that Defendant has ever failed to show for a hearing or absconded. Therefore, Defendant's Motion for Bond is GRANTED.

**C.      Motion to Exclude**

Defendant now asks the Court to exclude the video statement made by the Defendant at the

6

time of his arrest. When evaluating the admissibility of evidence, the Court must first determine whether the evidence is relevant. Evidence is relevant if it has the tendency to make a fact of consequence "more or less probable that it would be without the evidence." Fed. R. Evid. 401. All relevant evidence is admissible; irrelevant evidence is inadmissible. Fed. R. Evid. 402. The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The video tape apparently contains statements regarding Defendant's previous criminal activity and the illegal use of electricity. However, given that there is no date for trial and the Government has not indicated its desire to admit the video into evidence, Defendant's motion appears premature. The Court will consider whether exclusion is appropriate after the Government indicates its wish to admit the video into evidence.

## IV.   CONCLUSION

**IT IS ORDERED** that the Defendant's Motion to Suppress [Docket No. 10, filed January 17, 2012] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Bond [Docket No. 11, filed January 17, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Exclude [Docket No. 16, filed February 3, 2012] is **DENIED WITHOUT PREJUDICE** and may be reinstated prior to trial.

**IT IS FURTHER ORDERED** that Defendant's Motion to Expand Record [Docket No. 21, filed June 7, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration of Bond

[Docket No. 25, filed December 10, 2012] is deemed **MOOT**.

    **IT IS SO ORDERED**.


                   S/Denise Page Hood
                   Denise Page Hood
                   United States District Judge

Dated:  February 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2013, by electronic and/or ordinary mail.

                   S/LaShawn R. Saulsberry
                   Case Manager