UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 12-CR-20006
                                         Honorable Denise Page Hood

JAJUAN MARTINEZ LEWIS,

        Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Jajuan Martinez Lewis' Motion to Dismiss for Speeding Trial Violation. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court finds that oral argument on this matter will not significantly aid the Court and dispenses with oral arguments. For the reasons stated in more detail below, Defendant's Motion to Dismiss is **GRANTED IN PART** and this case is **DISMISSED WITHOUT PREJUDICE**.

**II.    BACKGROUND**

    **A.    Factual Background[1]**

On December 1, 2011, Officer Michael Mosley of the Detroit Police Narcotics Enforcement Section informed Officer Rebecca McKay that he had received a complaint that 16500 Collingham was being used "to store large amounts of cocaine, heroin, illegal prescription pills and marijuana."

---

[1] The factual background was adopted from the findings of fact in the Court's Order Denying Defendant's Motion to Suppress, Granting Motion for Bond, Dismissing without Prejudice Motion to Exclude, Denying Motion to Expand Record, and Denying as Moot Motion to Reconsider Bond.

Officer McKay was part of the General Assignment Unit and investigating the theft of scrap metal and energy. Officer Mosley asked that Officer McKay investigate whether there was a DTE Energy account for the residence. DTE Energy records showed that the account had been inactive since March 18, 2008 and that DTE Energy had disconnected an illegal connection on October 21, 2009.

On December 5, 2011, DTE Energy Security Officer Michael Lynch went to 16500 Collingham and observed an illegal connection on the outside of the home. On December 12, 2011, Officer McKay prepared an affidavit. A search warrant was issued and executed the same day for 16500 Collingham. The search inside the residence uncovered marijuana, a digital scale, and a loaded Smith and Wesson .38 caliber gun. The gun was determined to be stolen. Defendant recorded a statement at the time of his arrest.

Magistrate Judge Mark Randon ordered that Defendant remain detained pending trial on December 29, 2011 [Docket No. 5]. The Grand Jury returned an Indictment on January 4, 2012 charging Defendant with one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1) [Docket No. 7].

  **B.**  **Procedural Background**

Defendant filed a Motion to Suppress and Motion for Bond on January 17, 2012. He then filed a Motion to Exclude or Redact Taped Interviews on February 3, 2012. The Court held an evidentiary hearing on all three motions on February 21, 2012. The Court took the Motion to Suppress and the Motion for Bond under advisement and the Motion to Exclude to Exclude or Redact was withdrawn. Defendant then filed a Motion for Order to Expand Record on June 7, 2012 and a Notice of Dismissal of state charges on October 12, 2012. Along with the present motion, Defendant filed a Motion for Reconsideration of Bond on December 10, 2012.

**III.    ANALYSIS**

The Speedy Trial Act (the Act), 18 U.S.C. §§ 3161 *et seq* governs the time periods that a defendant must be indicted and brought to trial. Section 3161 provides that in any case in which a plea of not guilty is entered, "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Act "requires dismissal of a criminal case, with or without prejudice, if the defendant is not tried seventy days after his indictment or his first appearance, whichever occurs later." *United States v. Gardner*, 488 F.3d 700, 717 (6th Cir. 2007).

When determining whether there has been a speedy trial violation, the Court must balance four factors: (1) the length of delay; (2) reason for delay; (3) whether, when and how the defendant asserted his right to speedy trial; and (4) whether there was prejudice to the defendant as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

**A.    Length of Delay**

Defendant contends that the Court's failure to render a ruling on his Motion to Suppress violated his Speedy Trial Rights. "The length of the delay is a threshold requirement. If the length of the delay is not 'uncommonly long,' then judicial examination ends." *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005) (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)). A delay of one year is presumptively prejudicial. *Id.* The consideration of a pretrial motion, from filing until hearing of the motion, is excluded from computing time for the purposes of the Act. 18 U.S.C. § 3161(h)(1)(D); *see also Henderson v. United States,* 476 U.S. 321, 329 (1986) (noting that

3

subsection (D) "excludes the entire period between the filing of the motion and the conclusion of the hearing.") Further, the delay "during which any proceeding concerning the defendant is actually under advisement", not exceeding thirty days, is also excluded. 18 U.S.C. § 3161(h)(1)(H). "Regardless of whether the motion requires a hearing or not, after the court receives all the information necessary to decide a motion, a maximum of thirty days can be excluded on the theory that the court has taken the matter 'under advisement.'" *United States v. Jenkins,* 92 F.3d 430, 439 (6th Cir.1996) (quoting 18 U.S.C. § 3161(h)(1)(H)).

Defendant and the Government[2] agree that over 200 non-excludable days have lapsed since a ruling was required on Defendant's Motion to Suppress. Essentially, Defendant has waited in detention for approximately seven (7) months for the Court's ruling. Although the matter has not been pending for a year, presumptively triggering consideration of the remaining factors, the Court finds that the delay warrants consideration of all factors.

### B. Reason for Delay

Not all delays are created equal. "[G]overnment delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while 'more neutral' reasons such as negligence or overcrowded dockets weigh against the state less heavily." *Maples*, 427 F.3d at 1026. The responsibility for delays for more neutral reasons, such as negligent or overcrowded courts, although given less weight, will ultimately be born by the Government. *Barker*, 407 U.S. at 531. The relevant inquiry is whether the delay rests more with the Government or the defendant. *Maples*, 427 F.3d at 1026. The delay associated with bringing the Motion to

---

[2] Defendant argues that 210 days more than required have elapsed and the Government argues that 231 days have elapsed.

Suppress, considering oral arguments, and 30 days to render a decision are appropriately born by Defendant. However, Defendant does not contest this delay. His issue lies with the delay after the Motion to Suppress was filed and heard by the Court. The delay in ruling on the Motion to Suppress rests solely with the Court's docket and is technically attributable to the Government. The Government notes that "the Court's docket is overloaded[,] [but] [s]uch delay is not meant to hamper Defendant's defense in the instant matter." [Docket No. 26, Pg ID 140] This delay is neutral and the Court will not give it great weight. There is no evidence of bad faith or other improper reason for the delay on the Government's part. This factor does not weigh against either Defendant or the Government.

### C.   Assertion of Speedy Trial Rights

As to the third factor, "[t]he defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. . . . [The] failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 531–32. The Court should consider the frequency, vigor, and timeliness with which defendant asserted his speedy trial rights. *Brown v. Bobby*, 656 F.3d 325, 344 (6th Cir. 2011). The Government argues that this is only the first time that Defendant has asserted this right. Although this is the first motion that Defendant has brought concerning his speedy trial rights, Defendant has renewed his Motion for Bond. He has also filed Notice of the dismissal of the state charges against him. Both parties have also contacted the Court to inquire of the pendency of the Court's ruling. The Court weighs this factor in Defendant's favor.

### D.   Prejudice to Defendant

5

When considering whether defendant has suffered prejudice, the Court will consider three factors that the right to speedy trial was designed to protect: (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused; and (3) whether the defense is impaired. *Barker*, 407 U.S. at 532.  Defendant asserts that there has been oppressive pretrial incarceration.  Specifically, he contends that "[a]ny of us would get real tired of incarceration for even a few weeks, much less a year." He further argues that there has been substantial anxiety and concern, but does not explain how or why.  Defendant only indicates that there may be impairment to his defense.  The Government contends that there has not been oppressive pretrial incarceration given that Defendant was already detained when he made his initial appearance in federal court based on being on state parole and federal supervised release due to a Conspiracy to Distribute Cocaine conviction.  It further notes that Defendant has not been detained longer than his possible sentence and that Defendant may be detained pending the outcome of the state probation violation charges.

Defendant has been in prison for a year, six or seven of those months Defendant has waited for the Court to render a ruling on his Motion to Suppress and Motion for Bond.  However, Defendant was already detained due to his status as a parole when he first appeared before the Court. Considering solely the amount of time that Defendant has waited for the Court to render a ruling on the Motion to Suppress and Motion for Bond, the Court finds that there has been actual prejudice to Defendant.  This is what the Speedy Trial Act aims to prevent.

In sum, it appears that three out of the four factors weigh in favor of dismissal.  Defendant has waited for six or seven months for a ruling on a Motion for Bond and Motion to Suppress and has asserted his speedy trial rights in the present motion and also in his renewed Motion for Bond. Although the Government urges the Court that dismissal is not warranted in this matter, it argues

6

in the alternative that dismissal without prejudice is the appropriate remedy. Defendant contends that the matter must be dismissed with prejudice.

If the defendant is not brought to trial within 70 non-excludable days from the indictment or when the defendant first appeared, whichever is later, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). In determining whether the matter should be dismissed with prejudice or without prejudice, the Court must consider: (1) seriousness of offense charged; (2) facts and circumstances which led to dismissal; (3) and the impact of reprosecution in administration of justice and the Speedy Trial Act. *Id.* If the Court chooses to dismiss the matter without prejudice, the Speedy Trial clock will start anew if the Government chooses to bring new charges on the same conduct. *United States v. Myers*, 666 F.3d 402, 404–06 (6th Cir. 2012). A "[d]ismissal[] with prejudice generally require[s] a showing of a 'truly neglectful attitude,' 'bad faith,' a 'pattern of neglect,' or other serious misconduct, as well as actual prejudice to the defendant." *United States v. Gaskin*, 364 F.3d 438, 470, n.3 (2d Cir. 2004) (citing *United States v. Taylor*, 487 U.S. 326, 338–41 (1988)) (internal citations omitted).

The nature of the offense is serious. Although Defendant argues that the offense is nonviolent, he is charged with being a Felon in Possession. Defendant indicates that there was no victim. However, Defendant was found with a firearm at his residence when he was fully aware that he is not to have a firearm. The Court has no way of knowing whether the firearm would have been used against someone or used in a crime of violence. This is the exact reason why the law seeks to prevent felons from possessing firearms. Further, Defendant faces serious time if he were convicted of the crime. As to the circumstances leading to dismissal, the Government has not exhibited any bad faith or willful neglect in bringing the matter to trial. Rather, the delay has been with the

Court's docket. To allow Defendant to obtain a dismissal without prejudice based on the Court's delay would frustrate the administration of justice. The Court agrees that there has been a Speedy Trial violation and that the matter should be dismissed without prejudice, allowing the Government to bring new charges if it so chooses.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Speedy Trial Violation [Docket No. 24, filed December 10, 2012] is **GRANTED IN PART**. The Court should **DISMISSES THE INDICTMENT WITHOUT PREJUDICE**.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: February 5, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager